U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 2 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN R. JOHNSON

versus

ENTERGY, ET AL.

CIVIL ACTION NO. 07-0070

JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Carolyn R. Johnson ("Plaintiff") has filed, without the assistance of counsel, ten civil actions between December 4, 2006 and February 10, 2007.[1]  Plaintiff has purported to represent her son in some of the cases, but because she is not an attorney admitted to this court she may only represent herself. Attempting to represent others is the unauthorized

---

[1] The cases are Johnson v. Police Department of Haynesville, et al., 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); Johnson v. Haynesville Housing Authority, et al., 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); Johnson v. CenterPoint Energy, et al., 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); Johnson v. Haynesville Housing Authority, et al., 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); Johnson v. School Board of Claiborne Parish, et al., 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); Johnson v. Public Service Commission, et al., 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); Johnson v. Entergy, et al., 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of electricity); Johnson v. Minden Medical Center et al, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); Johnson v. Kenynan Corp et al., 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and Johnson v. Graves et al, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000 loan).

practice of law. Plaintiff has also signed many of her submissions as "Johnson and Associates," perhaps attempting to suggest that she is operating a law firm.[2]

## Subject Matter Jurisdiction

Plaintiff complains in this action that Entergy Louisiana, Louisiana Power & Light Company, and various accounting or call center offices associated with those companies are liable to her and her son for $2,500,000. The demand is based on an allegation that the companies incorrectly calculated Plaintiff's utility bill for her residence in Arcadia Parish, refused to acknowledge the alleged bookkeeping errors, and gave no consideration to requests for an extension to make payment. Plaintiff alleges that her service was disconnected in November 2005 and was restored January 3, 2006. Plaintiff complains that she had to wait for the restoration because so many employees of the defendants were on Christmas vacation.[3]

A party who invokes the jurisdiction of the federal court has a burden to plead facts that establish a basis for the exercise of subject matter jurisdiction. The court has an independent obligation to determine whether the party has satisfied that burden. The only

---

[2] Judge Hicks has imposed a sanction in one of Plaintiff's cases, Johnson v. Larry Graves, et al, 07 CV 221, that Plaintiff not be allowed to file any more civil actions without prior, written approval from a district judge.

[3] Another of Plaintiff's civil actions was against a utility provider. Plaintiff sought $1,500,000 in damages arising from the disconnection of natural gas services. The record in that case contains reports that Plaintiff and her son made "terroristic threats" toward the gas utility company and its employees, which required the police to escort utility employees to the residence for service calls. Even then, Plaintiff cursed the police officer and threatened to kill the utility employee. Johnson v. Centerpoint Energy, 06 CV 2314.

conceivable grounds for the exercise of jurisdiction in a case such as this are diversity jurisdiction or federal question jurisdiction.

The complaint does not invoke any federal law, and no federal statutory basis for a claim is apparent from the face of the petition against the private defendants. As for diversity jurisdiction, it requires both diverse citizenship and an amount in controversy that exceeds $75,000. The complaint does not make clear the citizenship of the Louisiana utility companies, so it is not certain whether they are diverse in citizenship from the Louisiana plaintiffs. The complaint demands $2,500,000, but the amount prayed for by a plaintiff controls for diversity jurisdiction purposes only if the prayer is made in good faith. There is no good faith basis presented by this complaint for such a huge sum of damages for a brief loss of utility service. Furthermore, Plaintiff has not alleged events that would present a good faith basis to demand in excess of $75,000 in damages. Accordingly, Plaintiff has not satisfied her burden of establishing a basis for the exercise of subject matter jurisdiction.

**No Timely Service**

Federal Rule of Civil Procedure 4(m) requires that a complaint be served within 120 days after it is filed. Plaintiff filed her complaint on January 10, 2007. More than 120 days has passed, but Plaintiff has not filed proof of service on any defendant. This provides another reason to dismiss the case.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil action be **dismissed without prejudice** for lack of subject matter jurisdiction and failure to make timely service of the complaint.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 24 day of May, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks

Page 5 of 5